# Providence Oil & Gas Co., *et al. v.* Allen, *et al.*

### *Bill to Cancel Trust Agreement.*

(Decided May 14, 1914.  65 South. 329.)

1. *Corporations; Transfer of Stock; Agreement; Relief.*—A decree cancelling an agreement for the transfer of corporate stock in trust to relieve the corporation is supported by evidence that respondent, who was president of the corporation, and induced the making of the agreement, concealed or suppressed the fact that the company had brought out a gusher or gas well, when inquiries were made of him concerning the same before the transfer.

2. *Fraud; Evasion or Acts.*—Deceit can be grounded on evasions and acts as well as upon misrepresentations.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Joseph V. Allen and others against the Providence Oil & Gas Company, G. B. Crowe, and another. Decree for complainants, and respondents appeal. Affirmed.

Bill against G. B. Crown and James L. Davidson, individually and as president and secretary, respectively, of the Providence Oil & Gas Company, for the purpose of canceling a trust agreement entered into between complainant and respondents. Decree overruling demurrers to the bill, and granting the relief prayed, and respondents appeal. It appears from the bill that on December 23, 1909, a trust agreement was entered into between G. B. Crowe, J. B. Allen, and certain other stockholders in the Providence Oil & Gas Company, whereby Allen, along with other parties to the agreement, was induced to turn over to Weekley as trustee for the benefit of the corporation certain shares of stock held by them. Crowe was the second largest stockholder in the company, and, in proposing and in-

[Providence Oil & Gas Co., et al. v. Allen, et al.]

ducing the agreement, represented to Allen and others that the oil company was involved, that it needed money to carry on its operations, and that, if those signing the agreement would execute it and turn their stock over to the trustee to be sold for the benefit of the corporation as provided in the agreement, it would put the company on its feet, and under the agreement the officers then in office were to resign, and Crowe was to be made president and general manager, with full charge and control of the business, and with certain officers and directors of his own choosing. At the time Crowe approached appellee to get him to make this transfer, the stock of the company appeared worthless, although it was engaged in boring for oil and gas on certain lands in Fayette county, and that Crowe, when he approached plaintiff, knew that a gusher or gas well had just been struck on the property, and, in reply to appellee's question as to what they had out there in Fayette county, Crowe said that he did not know, but would try and find out, and after the stock was transferred in blank, and Crowe and his associates had been placed in control, appellee was informed that a Christmas present was in store for them, and for the first time learned what Crowe had known all the time.

BOWMAN, HOWARD & WEAVER, for appellant. Complainant should have applied to the directors to remedy the corporate evil if there was one, and failing to do so his complaint should have shown clearly facts which excused his failure to do so.—*Crow v. Florence I. & C. Co.,* 143 Ala. 541. All the parties to the trust agreement are necessary parties to the bill, and the objection can be taken for the first time on appeal.—*Lawson v. Ala. W. Co.,* 73 Ala. 289; Sim's Eq. §§ 292-3. Fraud without injury is no ground for equitable relief.—3 Mayf. 823.

STOKELY, SCRIVNER & DOMINICK, for appellee. There is no question about the equity of the bill.—*May v. May,* 167 U. S. 311. There was no necessity of applying to the board of directors for relief.—*Crowe v. Florence I. & C. Co.,* 143 Ala. 541. Appellee was entitled to the relief prayed for.

ANDERSON, C. J.—It may be conceded that the relationship between Allen and Crowe was not such as may have called for voluntary information from Crowe to Allen as to the bringing in of a gusher on the land in question on December 20th, three days before the consummation of the transfer of stock by the agreement of December 23d. But it is very evident that before the final transfer, and after the 20th of December, Allen made inquiries of Crowe as to the progress of the boring and the result of the experiments, and was led to believe, by an evasive answer, that no important discoveries had been made, when as a fact the discovery of December 20th had been made, and it was known to Crown that the gusher was either in paying quantities or was of such importance as to perhaps affect the stock and financial condition of the Providence Company, and which was the subject of the negotiation between the parties. It is therefore evident that, whether Crowe did or did not knowingly make any direct misrepresentations, his answers to Allen's inquiries were so evasive as to conceal or suppress the facts about which Allen had inquired, and as to which he had the right to inquire, as Crowe was interested in both companies, and Allen's company had a lease on the land upon which the other company was boring, and upon which the gusher was brought in by Crowe and associates. Deceit can be grounded on evasions and acts, as well as upon direct misrepresentations.

[Drew, et al. v. Ft. Payne Co.]

The decree of the chancery court is affirmed. Affirmed.

McClellan, Mayfield, and De Graffenried, JJ., concur.